USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/14/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                               :
UNITED STATES OF AMERICA,               :
                               :
v.                                      :          13 Cr. 268 (JMF)
                               :
ILYA ROZENFELD,                       :          MEMORANDUM
                               :          OPINION AND ORDER
            Defendant.               :
                               :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On April 4, 2014, Defendant Ilya Rozenfeld moved for reconsideration of the Court's March 12, 2014 decision, from the bench, denying his request for a bill of particulars. (Docket No. 787). Rozenfeld's motion is denied as untimely and without merit, substantially for the reasons set forth in the Government's opposition memorandum. (Docket No. 795).

       As the Government makes clear, the TD Bank records — which are most relevant to the charges against Rozenfeld — are text searchable. (Docket No. 795, at 2). To the extent that the Government inaccurately represented that all the bank records are text searchable, there is no evidence that it did so in bad faith. Moreover, Defendant's own reply memorandum makes clear that defense counsel was aware at the time of the oral argument on March 12, 2014, that the Government's representation was not entirely accurate. (Docket No. 820, at 2 (stating that "counsel would have brought the inaccuracy of the government's representation to the Court's attention at the March 12 hearing but for the fact that the Court indicated it did not want to hear further argument")). If the text searchability of the records were as crucial as Rozenfeld now makes it out to be, counsel's failure to raise the issue at that time is inexplicable. And in any event, in light of that admission, Rozenfeld has no excuse for his failure to raise the issue within

two weeks and cannot maintain that his motion is based on "matters or controlling decisions" that the Court "overlooked."  S.D.N.Y. Local Criminal Rule 49.1(d) ("A motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion.  A memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion.").

Accordingly, Rozenfeld's motion for reconsideration is DENIED.  The Clerk of Court is directed to terminate Docket No. 787.

SO ORDERED.

Dated: April 14, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge